UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DEVON MARZINE WILLIAMS**, Plaintiff, vs. **SHAWN PATRICK SMITH**, Defendant. | 2:21-CV-11310-TGB-KGA ORDER DISMISSING COMPLAINT |

Plaintiff Devon Marzine Willliams, a state prisoner at the Michigan Reformatory in Ionia, Michigan, recently filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Defendant Shawn Patrick Smith is a Michigan attorney whom Plaintiff retained to represent him in a criminal case in Oakland County Circuit Court. *Id*. at PageID.2. Plaintiff seeks money damages and to have his state conviction set aside on grounds that Defendant Smith committed legal malpractice, breached their contract, and used fraudulent tactics. *Id*. at PageID.8-9. Unfortunately, § 1983 provides a remedy for constitutional violations committed by state actors, and here Mr. Williams is trying to use the statute to sue a private attorney, whose actions the statute does not cover. For the reasons given below, the Court will dismiss the complaint for failure to state a claim.

1

## I.  BACKGROUND

Plaintiff makes the following allegations related to his claims. On March 15, 2016, he appeared in court with his court-appointed attorney, Mitchell Ribitwer. *Id*. at PageID.3. After Ribitwer informed the trial court that he and the assistant prosecuting attorney ("APA") were working on a resolution of the case, the court re-set the pretrial date. *Id*.

On March 29, 2016, the parties returned to the courtroom, and an attorney named Stephen Crane informed the trial court that he was appearing on behalf of attorney Shawn Smith. *Id*. Crane indicated that there may be a substitution of counsel for Mr. Williams, and that Mr. Smith was requesting a continuance. *Id*. At the time, the trial was scheduled for April 7, 2016. *Id*. The APA responded to Crane's remarks by stating that Smith was not the attorney of record and that only Ribitwer could request a continuance. *Id*. at PageID.4. The trial court then suggested that, if Mr. Williams wished to have Smith represent him, Smith should file a motion for substitution of counsel. *Id*.

On April 5, 2016, the parties appeared in court once again. *Id*. Ribitwer informed the trial court that, although Mr. Williams had paid Smith to represent him and Ribitwer had agreed to withdraw from the case, no motion for substitution of counsel had been filed. *Id*. The trial court then acknowledged that Smith had not filed a motion for substitution of counsel, nor returned the retainer fee to Mr. Williams. The court nevertheless declined to adjourn the trial date or to allow

Ribitwer to withdraw from the case until another attorney was present to represent Mr. Williams. *Id.* at PageID.5.

An attachment to the complaint shows that, on April 6, 2016, Petitioner signed a written agreement to pay Smith a non-refundable retainer fee of $7,000. *Id.* at PageID.11-12. The agreement included the following language: "If the representation is terminated or the judge refuses to change the April 7, 2016 trial date and this attorney cannot properly appear and do the things he needs to do to win, then the defendant agrees not to request a refund as the fee is for the attorney's engagement for specific task of representation." *Id.* at PageID.9, 11.

Plaintiff alleges that on April 22, 2016, he pleaded no contest to two counts of armed robbery, *id.* at PageID.3, and on May 17, 2016, the trial court sentenced him to prison for 106 months to 40 years. *Id.* at PageID.6. He appealed his conviction and sentence through appellate counsel, but the Michigan Court of Appeals denied his application for lack of merit. *Id.* The Michigan Supreme Court subsequently denied leave to appeal because it was not persuaded to review the questions presented. *Id.* Plaintiff then filed a motion for relief from judgment, where he alleged the trial court violated his right to be represented by retained counsel of choice. *Id.* Plaintiff was waiting for the state trial court's decision on his post-conviction motion when he filed this action. *Id.* at PageID.7.

In his complaint before this Court, Plaintiff also seeks permission to file a supplemental brief, following an evidentiary hearing in Oakland

County Circuit Court. *Id*. at PageID.8-9. He anticipates that an evidentiary hearing on his post-conviction motion in state court will reveal additional malpractice claims, such as fraud and breach of contract based on retained counsel's performance. *Id*. at PageID.7.

Plaintiff seeks money damages for Smith's failure to appear in court and alleged legal malpractice, breach of contract, and fraud. *Id*. at PageID.9. Plaintiff also seeks to have his guilty plea set aside and to have the armed robbery conviction removed from his record. *Id*. at PageID.10.

## II. STANDARD OF REVIEW

The Court has granted Plaintiff permission to proceed without prepaying the fees or costs for this action. ECF No. 4. The Court is required to screen an indigent prisoner's complaint and to dismiss the complaint if it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter . . . to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

4

(2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint is legally frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous" in the applicable subsection of 28 U.S.C. § 1915, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

This action was brought under 42 U.S.C. § 1983, which "makes 'liable' '[e]very person' who 'under color of' state law 'subjects, or causes to be subjected,' another person 'to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]'" *Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 489 (6th Cir. 2020) (quoting the statute) (brackets in original). A plaintiff must prove two things to prevail in an action under § 1983: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

### III.  ANALYSIS

As noted above, Plaintiff is challenging his state conviction and is seeking to have the conviction set aside. A § 1983 action is not a proper remedy for a state prisoner who is challenging the fact or length of his

5

custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Additionally, as explained in *Heck v. Humphrey*, 512 U.S. 477 (1994),

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under 1983.

*Id.* at 486-87 (footnote omitted) (emphasis in original). *Heck* and other Supreme Court cases,

> taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff has not shown that his state conviction or sentence were invalidated by state officials or called into question on federal habeas corpus review, and granting the requested relief would necessarily demonstrate the invalidity of his confinement. Therefore, Plaintiff's challenge to his state conviction cannot be made through this kind of civil rights action.

6

Moreover, defense attorneys, whether retained or appointed by the State, do not act under color of law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Floyd v. County of Kent,* 454 F. App'x, 493, 497 (6th Cir. 2012) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Because Plaintiff retained a private citizen and attorney to represent him, his complaint that the attorney, Defendant Smith, accepted his retainer fee, but refused to appear in court and thereby committed fraud, fails to state a claim for compensatory and punitive damages under § 1983. *Freeman v. Cleary*, No. 2:17-cv-559-FtM-99MRM, 2018 WL 4381191, at *2 (M.D. Fla. May 9, 2018) (unpublished), *report and recommendation adopted*, No. 2:17-cv-559-FtM-99MRM, 2018 WL 4382382 (M.D. Fla. June 11, 2018).

Furthermore, "malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The proper forum for a legal malpractice action is state court under the state's tort claims act. *Id*. at 107; *see, e.g.*, *Kloian v. Schwartz*, 725 N.W.2d 671, 675 (Mich. App. 2006). Plaintiff's allegations that Mr. Smith committed fraud and breach of contract are also state law claims and would be more properly heard in state court. The Court declines to exercise supplemental jurisdiction. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966) ("if it appears that the state issues substantially predominate . . . the state claims may be dismissed without prejudice and left for resolution to state tribunals").

## CONCLUSION

Plaintiff's challenge to his state conviction is not cognizable in a federal civil rights action under § 1983, in part because Defendant Smith was not a state actor when Plaintiff retained him.[1] Further briefing regarding any information Plaintiff obtains at his state court evidentiary hearing would not change this analysis. Without any federal claims in his case, the Court does not find it proper to hear Mr. Williams' state law claims. Plaintiff may pursue these claims in state court should he wish to do so. Accordingly, the Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a plausible claim for relief. The Court also certifies that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**SO ORDERED** this 30th day of November, 2021.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

---

[1] The Court notes that Mr. Williams has filed a federal habeas corpus petition in front of Judge Leitman, which is stayed until Mr. Williams is able to exhaust his state remedies. *See Williams v. Skipper*, No. 19-CV-11754 (E.D. Mich. Feb. 9, 2021). Any availability of federal habeas remedies for this claim is therefore yet to be evaluated.